PATTEN, The MARY. See Case No. 9,223.

---

## Case No. 10,814.

### In re PATTERSON.

[1 Ben. 448;[1] 1 N. B. R. 100; Bankr. Reg. Supp. 22; 6 Int. Rev. Rec. 127; 7 Am. Law Reg. (N. S.) 26.]

District Court, S. D. New York. Oct. 2, 1867.

BANKRUPTCY—ISSUE OF LAW — WAIVER — FILING PROOF OF DEBT BEFORE FIRST MEETING— EXAMINATION OF BANKRUPT.

1. Where creditors, before the first meeting of creditors, filed proof of their debt, and applied for an order for the examination of the bankrupt, and the bankrupt objected to the granting of the order, on the ground that it could not be made before the first meeting, and, after argument, the register granted the motion, whereupon the bankrupt moved that the question be adjourned into court for the decision of the judge, under section 4 of the bankruptcy act [of 1867 (14 Stat. 519)], and the register declined to adjourn the question, but, on the bankrupt's request, certified the matter to the court; held, that the objection of the bankrupt to the granting of the order for the examination, raised an issue of law which it was the duty of the register to adjourn into court.

[Cited in Re Blaisdell, Case No. 1,488; Re Heller, Id. 6,339; Re Pease, 29 Fed. 595.]

2. As the bankrupt argued the question before the register, he waived his right to have the question adjourned into court, and, after the decision of the question by the register, there was no issue of law to be adjourned, and the register was right in not adjourning the question under section four.

3. Creditors may prove their claims before the first meeting of creditors.

4. A creditor who has proved his claim, may apply for an examination of the bankrupt before the first meeting of creditors.

5. It is not the duty of the register to notify the bankrupt, or his attorney, of the filing of proof of any claim before the first meeting of creditors.

[In the matter of Charles G. Patterson, a bankrupt.]

BLATCHFORD, District Judge. In this case, an adjudication of bankruptcy was made September 12th, 1867, and a warrant was issued to the marshal, returnable October 23d. On the 23d of September, Tupper & Beattie, creditors on the debtor's schedules, filed a proof of debt. On the 25th of September, Tupper & Beattie made a motion before the register for an order for the examination of the bankrupt, under section 26 of the act, and according to form No. 45. The bankrupt

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

objected to the granting of the order, on the ground that the order could not be made before the first meeting of creditors. After argument the register granted the motion. Thereupon, the bankrupt moved that the question be adjourned into court for the decision of the judge, under the provisions of section 4 of the act, and tendered his questions and issue to the creditors, in order that they should state their points, and that, issue of law being thus joined, the same might be adjourned into court by the register, for decision by the judge, as provided for in the fourth section of the act. To this tender the creditors objected, and they declined to receive the questions or to join in the issue, on the grounds that their motion had been granted and that there was no question or issue of law raised, inasmuch as section 26 of the act provided distinctly that the court might, on the application of any creditor, at all times require the bankrupt to attend and submit to examination, and that, if the bankrupt wished to raise the question of the register's power to make the order before the return of the warrant, he could take the opinion of the judge by a certificate of the register under the provisions of section 6 of the act. The register declined to grant the motion of the bankrupt to adjourn the question into court, inasmuch as there was no issue joined, and decided that the proper course under the law, if the bankrupt questioned the right to make the order for examination before the warrant was returned, and desired to take the opinion of the judge thereon, was to do so by a certificate of the register under the provisions of section 6 of the act. The order requires the examination to take place on the 9th of October. The bankrupt objected to the action of the register, and requested four questions to be certified to the judge, which has accordingly been done by the register.

1. Whether the matter of granting the motion for an order for examination should not have been adjourned into court for the decision of the judge; and whether, after the bankrupt had tendered his points at issue, the register did not err in granting said motion, and in refusing to adjourn the same into court for the decision of the judge?

As regards this question, the register states that he thinks that it was not necessary to adjourn the matter into court—Firstly, because issue was not joined between the parties; secondly, because section 6 provides a sufficient, and the most usual way, to take the opinion of the judge on the point, without suspending proceedings in the matter. The question of granting the motion for an order for examination ought to have been adjourned into court for the decision of the judge. The fourth section of the act requires that, "in all matters where an issue of fact or of law is raised and contested by any party to the proceedings" before the register, "it shall be his duty to cause the question or issue to be stat-

ed by the opposing parties in writing, and he shall adjourn the same into court for decision by the judge." Now, the objection made by the bankrupt, before the register, to the granting of the order for examination, on the ground that the order could not be made before the first meeting of creditors, raised an issue of law, which was contested. That issue it was the duty of the register to adjourn into court for decision by the judge. Instead of doing so, he granted the motion, and thus decided the issue of law himself. But the bankrupt, after raising the issue of law, appears to have argued it and submitted it for decision to the register, without requesting the register to adjourn it into court, and without objecting to its decision by the register. The granting by the register of the motion of the creditor disposed of the question, and, after that, there was no issue or question to be adjourned. It is the duty of the register to adjourn an issue of law into court without any request to that effect by a contesting party. But still such adjournment is a proceeding which a contesting party may waive, and, where he does waive it, by submitting the decision of the issue to the register, he cannot, after finding that the question is decided against him by the register, then ask to have it adjourned into court. If, instead of virtually requesting the register to decide the issue, by arguing the question and awaiting the register's decision, the bankrupt had, on raising the issue, requested the register to adjourn it into court, the case would have presented a different aspect. But as it was, the tendering by the bankrupt of his points after the decision, imposed upon the register no obligation to adjourn them into court.

2. Whether, under the bankrupt law, Tupper & Beattie are creditors who have proved their claim, so as to entitle them to make the motion?

In regard to this question the register states, that he considers Tupper & Beattie to be creditors who have proved their claim, they having fulfilled all the requirements of the law, and there being no restriction as to the time when the claim may be proved, after proceedings are commenced; that the first meeting of creditors is for the choice of an assignee by those who have proved their claims; that he can see no reason why creditors should wait until the return day of the warrant to make their proofs; that the debt which exists is the basis of the right to appear as creditor; and that creditors should be allowed to judge for themselves as to when they will take advantage of the law and appear. I concur with the register in these views. The creditors in this case, having proved their claim, had a right to make the motion.

3. Whether, before the day appointed for the first meeting of the creditors, a creditor can, under the act, prove his claim and so become a party to the proceedings in bankruptcy, as to be entitled to an order for the exam-

ination of the bankrupt under the twenty-sixth section of the act?

In regard to this question the register states that he thinks that, when once a creditor has proved his claim, he has, unless the same be questioned, full right under the law, and may at any time call for an examination of the bankrupt. The register is correct in this conclusion.

4. Whether, if, in the interval between the issuing of the warrant in bankruptcy and the day appointed for the first meeting of the creditors, and for proof of claims and choice of assignee, a deposition in proof of a claim against the bankrupt is filed, it is not the duty of the register to notify the bankrupt or his attorney before allowing the same, and entering it upon the list (form No. 13), so that objection to the proof thereof may be made, if any exist, under section 23 of the act?

In regard to this question the register states, that he does not think that the bankrupt need be notified of the filing of claims prior to the first meeting of creditors; that it is a matter of no consequence to him whether creditors file them before or after; and that the bankrupt, having surrendered all his property for the benefit of all his creditors, could, with perfect propriety and honesty, leave all questions connected with his estate to them, without regard to what disposition is made of it.

It is not the duty of the register to notify the bankrupt or his attorney, before the first meeting of the creditors, of the filing of such depositions in proof of claims as may be filed before such first meeting. Notwithstanding the filing of such a deposition before such first meeting, and the entering of the claim on a list (form No. 13), the register may still, at such first meeting, under section 23, postpone the proof of the claim and exclude the creditor from voting in the choice of an assignee. The court has, under section 22, full control, at all times, of all debts and all proofs of debts, even after the depositions in proof have been filed; and the bankrupt can, at the first meeting of creditors, object, under section 23, to the validity of and the right to prove any debt, no matter whether the deposition in proof thereof is filed at such first meeting or was filed previously.

[NOTE. The bankruptcy of Charles G. Patterson was again before the court upon certificate from the register in several cases. Upon the question of the power of the register to decide upon validity of objections to questions put to the bankrupt on examination (Case No. 10,-818); upon the ruling of the register in declining to adjourn certain questions into court, and as to the admissibility of the questions, also upon the right of bankrupt during his examination to consult counsel (Id. 10,815); as to the right of the bankrupt to refuse to answer certain questions the answer to which might subject him to criminal prosecution (Id. 10,816); as to his right to refuse to answer the same questions put in a changed form (Id. 10,820). The case is last reported as heard upon the right of the bankrupt to claim exemption from arrest by state authorities upon an execution issued upon a judgment obtained by default upon a com-

plaint charging fraud in the contracting of the debt on account of which suit was brought. Id. 10,817.]